UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAVEN WEST,

    Plaintiff,

v.

WAYNE COUNTY and CATHY M. GARRETT, Individually, and in her capacity as Wayne County Clerk,

    Defendants.

Case No. 2:14-cv-11559-RHC-MKM
Hon. Robert H. Cleland

_____/

| | |
|---|---|
| Matthew E. Krichbaum (P52491)<br>SOBLE ROWE KRICHBAUM LLP<br>221 N. Main Street, Ste. 200<br>Ann Arbor, MI 48104<br>(734) 996-5600 | James P. Allen (P52885)<br>John M. Allen (P42940)<br>ALLEN BROTHERS,<br>Attorneys & Counselors, PLLC<br>400 Monroe Street, Suite 220<br>Detroit, MI 48226<br>(313) 962-7777<br>johnallen@allenbrotherspllc.com |

_____/

## **PROTECTIVE ORDER**

In recognition of the parties' right to the release of discovery relevant to claims, defenses and other matters at issue in this case, and the interest, where possible, in protecting the privacy of persons about whom information of a confidential nature may be implicated (particularly County employees, past and present, who are not parties to this action, but whose employment/personnel

information might be sought), the Court hereby enters this protective order directing as follows:

IT IS ORDERED that production of employee personnel information in this case, as well as any other produced documents and information of a personal/confidential nature concerning the parties, witnesses and/or other third parties, including personal addresses and telephone numbers, shall be subject to the following terms and conditions:

1. Access, review and use of such documents/information, as well as any copies or duplicates made thereof (regardless of form, whether had copy, electronic or otherwise) shall be limited to the parties, witnesses, and the parties' attorneys, employees, agents and consultants involved in the preparation, prosecution or defense of the case; otherwise, such documents/information shall not be used, released or disclosed to any persons, or for any other proceedings, outside the context of this lawsuit.

2. Before disclosing confidential material/information to any person who is not a party or counsel in this case (including any disclosure to a consultant expert or non-party witness, at deposition or otherwise), counsel for the party making the disclosure shall provide each such person with a copy of this Order, and such person shall agree to abide by the terms of the Order and sign and date a copy of the Confirmation attached hereto (in blank) as Exhibit A.

3. Any documents/information subject to this Order used in connection with any brief, argument or other filing in this action, to the extent information of a confidential nature thereon cannot be redacted, shall be submitted to the Court under seal in accordance with Local Rules 5.3 and 26.4.

4. Except for the Plaintiff's own records/files, which on request may be released to Plaintiff's counsel without redaction, identifying information of a personal nature that has no bearing on any claim, defense or issue in this case – such as social security numbers, financial account numbers,

employment references, personnel addresses and phone numbers, and the names of children, spouses and other family members of parties, non-parties or potential witnesses – shall be redacted and not disclosed.

5. Except for the Plaintiff's own records/files, which on request may be released to the Plaintiff's counsel in their entirety, documents reflecting identifying or personal information of a confidential nature that have no bearing on any claim, defense or other issue in this case – such as child support records, friend of the court records, marriage and birth certificates, divorce proceeding records, loan/credit/mortgage application papers, medical records (including disability, worker's compensation, medical leave and personal injury), personal address and phone records, income tax records, leave and leave return records, law enforcement certification and appointment lists/records, emergency contact forms, Law Enforcement Information System ("L.I.E.N.") records, fingerprint records, and law enforcement Internal Affairs records – shall be exempt and withheld from production, but retained separately by producing counsel, during the course of these proceedings, should an *in camera* review of such documents be subsequently requested and deemed necessary by the Court.

6. To save time and expense, any documents produced during discovery in this case may be produced electronically, in .pdf format, and transmitted between counsel as an attachment to an e-mail. If a party insists on the production of hard copies of documents that are readily and securely subject to electronic transmission, the insisting party shall reimburse the producing party a cost of ten ($0.10) cents per copied page for all documents produced, unless counsel for the parties agree otherwise.

7. If another court, administrative agency or other person or entity subpoenas or orders production documents covered by this Order, the person subject to that subpoena or order shall give prompt written notice thereof to all counsel of record in the case.

8. If a party is added or brought into this case, and represented by someone other than the present counsel, the added party and/or such party's counsel shall be provided with a copy of this Order. Should the added party agree to be bound by this Order, all documents previously produced pursuant to it shall be provided to them. Otherwise, neither party hereto

shall provide documents produced subject to this Order to an entering or newly designated party until the Court considers and decides a request to extend this Protective Order.

9. Upon final disposition of this action by settlement, or following entry of a final, non-appealable order of the Court herein, and not late than ninety (90) days thereafter, counsel for the parties shall destroy all personnel records and other materials/information received during the course of this case that are subject to this Order, regardless of form (electronic, hard copy or otherwise), as well as any copies/duplicates made thereof, and upon the request of opposing counsel shall expressly confirm in writing to opposing counsel that such destruction was undertaken and has been completed.

IT IS FURTHER ORDERED that this Order shall not constitute a waiver of the rights of the parties to raise or assert any claim, defense, or objection in this case or in any arbitration, administrative hearing or other hearing or proceeding, including but not limited to objections regarding the use, relevance and admissibility of any documents, testimony or information subject to this Order. The Order also shall not preclude, inhibit or interfere with the maintenance and use of documents, records and/or other material/information in the ordinary course of business by persons who maintain, use, rely upon, and/or who otherwise have an interest in reviewing or accessing such documents/records/material, notwithstanding the designation by any party or counsel of such documents/records/material/information as confidential.

IT IS FURTHER ORDERED that this Order is binding on all parties, their counsel, and persons served with a copy of this Order, and shall remain in full force and effect until modified, superseded, or terminated by further order of the Court. Any violation of this Order may give rise to appropriate sanctions against any person who causes, contributes to or participates in such a violation, including but not limited to a finding of contempt and the assessment of damages, costs and attorney's fees.

Dated: July 21, 2014

          s/Robert H. Cleland
          HONORABLE ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Reviewed and approved as
to form before submission:

/s/Matthew E. Krichbaum (w/permission)      /s/John M. Allen
SOBLE ROWE KRICHBAUM LLP      ALLEN BROTHERS,
Matthew E. Krichbaum (P52491)      Attorneys & Counselors, PLLC
Attorney for Plaintiff      John M. Allen (P42940)
221 N. Main Street, Suite 200      Counsel for Defendants
Ann Arbor, Michigan 48104      400 Monroe Street, Suite 220
(734) 996-5600      Detroit, Michigan 48226
    (313) 962-7777

# **EXHIBIT A**

TO: The Honorable Robert H. Cleland
United States District Court

RE: Caven West v Wayne County, et al;
U.S. District Court No. 2:14:cv:11559- RHC-MKM

Dear Judge Cleland:

 This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order governing the release of personnel and other confidential information, dated _____ ___, 2014, approved by the Court and filed in the above referenced lawsuit.

 As a condition precedent to my examination of any documents subject to the Order, or my obtaining any information contained in said documents, the undersigned hereby agrees that said Order shall be deemed to be directed to and shall include the undersigned, and the undersigned shall observe and comply with the provisions of said order.

 I agree that I will not disclose or talk about any information or documents subject to the protective Order to unauthorized persons, nor will I use any such information or documents for any purpose other than in connection with litigation of the referenced lawsuit.

 I understand that if I fail to comply with the Protective Order and/or otherwise improperly use or release information subject to the Order, I can be held in contempt and subject to liability for, among other things, court-ordered sanctions and money damages to anyone who is thereby injured.

Dated: _____, 20__

_____
Name
_____
Address
_____

_____