UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAVEN WEST,

    Plaintiff,

v.                                        Case No. 2:14-cv-11559-RHC-MKM

WAYNE COUNTY, and CATHY M. GARRETT,
Individually and in her capacity as Wayne
County Clerk,

    Defendants.
                                                    /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendants' motion for summary judgment, filed on May 28, 2015. (Dkt. # 23.) Defendants request that summary judgment be granted against Plaintiff on his claims for retaliation in violation of 29 U.S.C. §§ 2601-2654, the Family and Medical Leave Act ("FMLA"); for First Amendment retaliation in violation of 42 U.S.C. § 1983; and for a violation of MCL 15.361, the Michigan Whistleblowers Protection Act. (Dkt. # 23-1, Pg. ID 117-118.) The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, Defendants' motion for summary judgment will be granted.

**I. BACKGROUND**

The facts are taken from Plaintiff's complaint and the proffered discovery, and interpreted in the light most favorable to the non-moving party. Plaintiff Caven West was formerly employed as Chief Deputy Wayne County Clerk and Chief of Staff to the County's elected Clerk, Defendant Cathy Garrett. (Compl. ¶ 1.) In September or

October of 2013, Garrett wanted to fire another employee, Lynn Wade, who was at the time out of work on FMLA leave but due to return soon. (*Id.* at ¶¶ 10,11.) Garrett directed West to carry out the firing, but West protested based on his belief that such action would be in violation of the FMLA. (*Id.* at ¶ 12.) Around the same time, Garrett was involved in trying to block a settlement between Lynn Wade and the County regarding other employment related claims. (*Id.* at ¶ 14.) According to Plaintiff's Complaint, Garrett again tried to recruit West, this time to write a letter attempting to foil the settlement, and again West refused based on his belief that the conduct would be retaliatory and in violation of federal law. (*Id.* at ¶ 16.) Despite Garrett's efforts, in early December, the Wayne County Commission voted to approve the Lynn Wade settlement. (*Id.* at ¶ 20.)

In late December Plaintiff took a previously-approved vacation and returned on January 21, 2014. (*Id.* at ¶ 22.) Upon his return, Defendant Garrett fired Plaintiff. (*Id.* at ¶ 23.)

## II. STANDARD

A party is entitled to summary judgment if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable fact-finder could resolve the case in the nonmovant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party bears the burden of demonstrating no genuine issue of material fact exists, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Pack v.*

2

*Damon Corp.*, 434 F. 3d 810, 813 (6th Cir. 2006).  In reviewing a motion for summary judgment, the court views the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the existence of a "mere scintilla" of evidence that supports the non-moving party's claims is insufficient to defeat summary judgment. *Anderson*, 477 U.S. 252; *Pack*, 434 F. 3d at 813.

### III. DISCUSSION

#### A. Plaintiff Fails to Raise a Genuine Dispute Under the Family and Medical Leave Act

Plaintiff alleges that Defendants violated the FMLA by firing him in retaliation for opposing unfair treatment of another employee, such treatment itself being a violation of the FMLA.  Under the FMLA, it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615.  The Department of Labor has construed this retaliation provision broadly, and "[a]n employer is prohibited from discharging or in any way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act."  29 C.F.R. § 825.220(a)(2).  Any employer who violates section 2615 is liable for damages or equitable relief to any eligible employee affected, and a civil action to recover damages for a violation of section 2615 "may be maintained against any employer . . . by any one or more employees."  29 U.S.C. § 2617(a).

#### 1. Plaintiff falls within the FMLA's "personal staff" exemption

3

Defendants assert that Plaintiff was a member of Defendant Garrett's personal staff, and therefore not an eligible employee able to sue under the FMLA. (Dkt. # 23-1, Pg. ID 124.) The right to bring a civil action is limited to those individuals defined as "employee[s]" under the Act. 29 U.S.C. § 2617(a); *Humenny v. Genex Corp.*, 390 F.3d 901, 905-06 (6th Cir. 2004). The "eligible employee" requirement applies to all FMLA cases. *Humenny*, 390 F.3d at 906. The FMLA adopts the definition of "employee" used in section 203 of the Fair Labor Standards Act, 29 U.S.C. §203(e). 29 U.S.C. § 2611(3). That statute defines an employee as an individual employed by a political subdivision of a State "other than such an individual who is not subject to the civil service laws of the . . . political subdivision . . . which employs him; and who is selected by the holder of [a public elective office of that . . . political subdivision] to be a member of his personal staff . . . ." 29 U.S.C. § 203(e)(2)(C). Defendants claim that Plaintiff falls under this exclusion, because he is a personal staff member to Defendant Garrett, an elected County office holder. (Dkt. # 23-1, Pg. ID 124-127.) Plaintiff responds that there are several genuine disputes of material fact that call into question his classification as a personal staff member. (Dkt. # 26, Pg. ID 25.)

While the exemption for personal staff members is meant to be construed narrowly and involves a highly factual inquiry, summary judgment may still be appropriate when there is no genuine issue of material fact as to the applicability of the relevant factors. *Horen v. Cook*, 546 F. App'x 531, 534 (6th Cir. 2013) (citing *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158 (6th Cir. 2004)); *see also Rutland v. Pepper*, 404 F.3d 921, 924 (5th Cir. 2005) (Granting summary judgment despite noting that the personal staff exemption must be narrowly construed and consists of a

4

highly factual inquiry). The following non-exhaustive list of factors is instructive in determining whether an individual is a member of an elected official's personal staff:

> (1) whether the elected official has plenary powers of appointment and removal; (2) whether the person in the position at issue is personally accountable to only that elected official; (3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and (6) the actual intimacy of the working relationship between the elected official and the person filing the position.

*Horen*, 546 F. App'x at 534; *see also Rutland*, 404 F.3d at 924. While these factors are derived from Title VII cases, "courts considering personal staff exemptions to the FLSA or the FMLA may be guided by cases interpreting an analogous exemption to Title VII." *Rutland*, 404 F.3d at 924 n. 2 (citing *Nichols v. Hurley*, 921 F.3d 1101, 1103 (10th Cir.1990)). Plaintiff claims that there are facts which are sufficiently disputed so as to call into question whether he meets three of these factors. While the court has examined these facts in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to show that there is more than the "mere existence of a scintilla of evidence" of a genuine dispute of fact. *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**a. Whether the elected official has plenary powers of appointment and removal.**

Plaintiff claims that Defendant Garrett did not have plenary control over his employment. (Dkt. # 26, Pg. ID 416.) He supports this claim by pointing to two letters written to the Wayne County Personnel Directors. (Dkt. # 26, Pg. ID 416.) In the first letter, Defendant Garrett "request[ed] the appointment of [Plaintiff] Caven West . . . as Chief Deputy County Clerk." (Dkt. # 26-14, Pg. ID 669.) In the second, Defendant Garrett requests a salary increase for Plaintiff, citing to his work in the Clerk's office for

5

justification of the increase. (Dkt. # 26-14, Pg. ID 670.) Plaintiff believes that this is evidence that Defendant Garrett did not have absolute control over his appointment and removal. (Dkt. # 26, Pg. ID 416.)

Plaintiff fails to raise any genuine question of whether Defendant Garrett had the plenary power of appointment and removal for the Chief Deputy Wayne County Clerk. Plaintiff's own testimony reveals that he did not believe that anyone other than Defendant Garrett had the power to appoint him to his position as Chief Deputy Clerk and Chief of Staff. (Dkt. # 23-4, Pg. ID 244.) Defendant Garrett testified that she made the decision to fire Plaintiff on her own, and did not feel obliged to explain her reasoning to anyone else, as Plaintiff was an appointee. (Dkt. # 26-4, Pg. ID 532). She also testified that he was an at-will employee, and that she believed she could fire him for no reason at all. (*Id.*) Indeed, his termination letter came directly from Defendant Garrett. (Dkt. # 26-13, Ig. ID 668.) The letters cited by Plaintiff do not appear to be anything more than formalities presented to the Human Resources Department on the occasion of Plaintiff's appointment by Defendant Garrett to his position, and on her decision to provide him with a pay raise. They do not undermine Defendants' allegation that Defendant Garrett had the requisite power to appoint and remove Plaintiff. *See Saddler v. Quitman County School Dist.*, 278 F. App'x 412, 418 (5th Cir. 2008) (holding that a school board's power to act pursuant to the school superintendent's recommendation does not negate the superintendent's de factor power to appoint and remove an employee).

### b. Whether the person in the position at issue is personally accountable to only that elected official.

Plaintiff claims that because he worked with the Third Circuit Court, not Defendant Garrett, on the Odyssey Project, he did not have personal accountability only to Defendant Garrett. (Dkt. # 26, Pg. ID 416-417.) This argument also fails to raise a genuine issue of material fact. The fact that Plaintiff occasionally did work for the court does not change the fact that he was ultimately accountable to Defendant Garrett. *See Horen*, 546 F. App'x at 536; *Hemminghous v. Missouri*, 756 F.3d 1100, 1108 (5th Cir. 2014) (holding that a court reporter's occasional transcription work for other judges or for attorneys did not materially alter the conclusion that she was personally accountable to only one public official). Moreover, Plaintiff in his deposition stated that Defendant Garrett was his only supervisor and that he was accountable "only to her in [his] day-to-day duties," (Dkt. # 23-4, Pg. ID 244), a statement which is supported by the Office of Wayne County Clerk Organizational Chart, (Dkt. 23-5, Pg. ID 307), and statements made by Plaintiff in his sworn statement, (*Id.* at 304). Plaintiff fails to raise any genuine issue of fact as to whether he was personally accountable to anyone other than Defendant Garrett.

### c. The actual intimacy of the working relationship between the elected official and the person filing the position.

The only other factor that Plaintiff contests is the actual intimacy of the working relationship between himself and Defendant Garrett. (Dkt. # 26, Pg. ID. 26-27.) His only apparent point of contention is that he and Defendant Garrett did not confer daily about the day-to-day activities of his position. Their relationship is not less intimate merely because Defendant Garrett afforded Plaintiff a degree of autonomy in his work. *See Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 159 (6th Cir. 2004).

In each of these three factors, Plaintiff fails to raise any genuine issue which could call into question his status as a member of an elected official's personal staff. Indeed, given that "the exception was primarily intended to exempt the elected official's immediate subordinates or those who are his first line advisors," *Id.* at 158, Plaintiff is exactly the type of employee for whom the exception was designed.

### 2. Plaintiff is not granted a right of action under the FMLA

Plaintiff claims that because the FMLA makes it unlawful to discharge or otherwise discriminate against any individual, and not only an eligible employee under the Act, he has standing to bring his FMLA retaliation claim. (Dkt. # 26, Pg. ID 413.) He states that the court should adopt a broad reading of the statute to allow him to bring suit under the anti-retaliation provision of the FMLA. (Dkt. # 26, Pg. ID 20-25.) However, while employers are prevented from discriminating against "any individual," 29 U.S.C. § 2615(a)(2), only "eligible employees" or the "Secretary [of Labor] may bring a civil action for enforcement, 29 U.S.C. § 2617. The Sixth Circuit has made it clear that a party may not successfully bring an FMLA claim in federal court if the party is not an eligible employee. *See Humenny*, F.3d at 905-06 (" . . . the FMLA's "eligible employee" requirement applies in all FMLA cases, including retaliation cases."); *Davis v. Michigan Bell Telephone Co.*, 543 F.3d 345, 354 (6th Cir. 2008) (holding that employees who are not eligible for FMLA leave cannot bring FMLA retaliation claim against their employer); *Horen*, 546 F. App'x at 532 (holding that an element required for a Plaintiff to establish a *prima facie* case of FMLA retaliation is proof that Plaintiff was an eligible employee). While Plaintiff claims that the court should adopt a broad reading of the FMLA to give a right to sue to "any individual," the court cannot ascribe a meaning to the Act that

8

contravenes its unambiguous language, which, here, gives a right of action only to eligible employees and the Secretary of Labor. 29 U.S.C. § 2617; *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2583 (2012) ("Where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally."). Plaintiff cannot bring a claim for retaliation under the FMLA because it provides him no right of action. *See* 29 U.S.C. § 2617.

### B. Plaintiff Fails to Raise a Genuine Dispute Regarding His First Amendment Claim

There are two arguments that Plaintiff asserts as the basis of a claim under 42 U.S.C. § 1983 for the violation of his First Amendment rights. Plaintiff's complaint advances a claim under the Supreme Court's holding in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), arguing that his discharge was in part due to his contention that firing Lynn Wade would violate the FMLA. (Dkt. # 1, Pg. ID 5.) In his response brief, Plaintiff abandons the *Garcetti* claim, and instead claims his firing constituted an act of political retaliation based on another set of facts. (Dkt. # 29, Pg. ID 429-430.) Both claims fail.

#### 1. *Garcetti* Claim

"[P]ublic employees do not surrender all their First Amendment rights by reason of their employment." *Garcetti,* 547 U.S.at 417. However, "while the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Id.* at 420 (quoting *Connick v. Myers*, 461 U.S. 138, 154 (1983)). The Supreme Court has struck a balance by holding that "when public employees make statements pursuant to their official duties, the employees are

9

not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421.

Defendants claim that all correspondence related to the firing of Wade was pursuant to Plaintiff's official duties. (Dkt. # 23-1, Pg. ID 142.) In his response brief, Plaintiff makes no effort to rebut this claim. When "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the facts undisputed for purposes of the motion." Fed. R. Civ.P. 56(e). "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Since Plaintiff has failed to do this, the court deems undisputed Defendants' assertion that Plaintiff's speech occurred pursuant to his official duties. No issues of material fact as to that claim exist.

## 2. Political Retaliation

Although not addressing Defendants' claim that his speech was made pursuant to official duties, Plaintiff advances an entirely new First Amendment argument in his reply brief. He claims that he was retaliated against for refusing to help Defendant Garrett support Benny Napoleon in the 2013 Detroit Mayoral election. (Dkt. # 26, Pg. ID 429-430.)

"A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion." *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)

(quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2723 (3d ed. Supp. 2005)). The proper avenue for raising a new claim is for the party to amend his complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure. *Id.* This policy preserves fairness in litigation, as it gives defendants an opportunity to investigate all of a plaintiff's claims during the course of discovery. *Id.*

Here, Plaintiff makes only a brief passing reference to this claim as set out in his complaint, alleging that Defendants violated his rights to "Free Speech and Freedom of Political Association." (Dkt. # 1, Pg. ID 5.) Plaintiff never amended his complaint to articulate his political *retaliation* theory, and he in no way fulfilled his duty to put the Defendants on notice of his intent to bring a claim based on Defendant Garrett's alleged unhappiness with his decision to not attend a press conference and subsequent decision to give another employee a pay raise. This alone is enough to grant Defendants' motion with regard to his political retaliation claim.

Further, even if Plaintiff had brought his political retaliation claim appropriately, he has failed to produce any evidence to demonstrate that a genuine issue of material fact exists as to whether he was terminated due to his failure to support Defendant Garrett's chosen mayoral candidate. Usually, "*post hoc, propter hoc* reasoning alone will not defeat the defendant's motion for summary judgment." *Bailey v. Floyd County Board of Education By & Through Towler*, 106 F.3d 135, 145 (6th Cir. 1997). "When a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of the plaintiff's claim, as in the present case, Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact." *Id.*

Plaintiff relies on *Lucas v. Monroe County* for the proposition that summary judgment should be denied if circumstantial evidence exists supporting a claim of political patronage. 203 F.3d 964, 976 (6th Cir. 2000). *Lucas*, however, is not applicable here. That case involved the owner of a towing company who brought a claim against a county sheriff on the theory that the sheriff unfairly discriminated against people who did not contribute to his political campaigns. *Id.* at 967. While it is true that the plaintiff in *Lucas* did not have a "smoking gun" proving beyond any doubt that the sheriff engaged in the conduct, he produced a substantial amount of circumstantial evidence suggesting that the defendant's behavior was tied to political patronage, *id.* at 968-71; circumstantial evidence may be admissible evidence. In this case, Plaintiff claims that the mere fact that Defendant Garrett "failed to articulate any reason for the Delphine Oden pay raise suggest[s] that it was in fact motivated by political patronage." (Dkt. # 26, Pg. ID 429.) Neither *Lucas* nor any other case cited by Plaintiff supports this proposition. Plaintiff is correct to point out that a fact finder may rely on circumstantial evidence but Plaintiff provides only naked speculation. "Speculation cannot supply the place of proof." *Moore v. Chesapeake & O. Ry. Co.*, 340 U.S. 573, 577 (1951). Plaintiff must present something that would lead a jury to conclude that his termination was motivated by political retaliation. The only shred of evidence that Plaintiff points to are a few comments establishing Defendant Garrett's support for Napoleon and emails instructing him to give Delphine Oden a pay raise. (Dkt. # 26, Pg. ID 429.) Plaintiff points to nothing suggesting that these two events are related. Plaintiff's claim fails.

### C. Plaintiff Has Not Established a Genuine Issue of Material Fact as to His Michigan Whistleblowers' Protection Act Claim

>The Michigan Whistleblowers' Protection Act provides:
>
>An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

Mich. Comp. Laws § 15.362. The act is intended to protect the public "by removing barriers that may interdict employee efforts to report violations or suspected violations of the law." *Dolan v. Continental Airlines/Continental Express*, 454 Mich. 373, 379 (1997). Without such a protection, employees would be more reluctant to report dangerous or illegal activity to the proper authorities. *See id.*

In order to survive a motion for summary judgment on a Whistleblowers' Protection Act claim, an employee must establish a prima facie case of his or her employer's liability under the act. *West v. General Motors Corp.*, 469 Mich. 177, 183 - 84 (2003). In order to establish a prima facie case, the plaintiff must present evidence showing "(1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." *Id.* The causal connection must be supported by evidence. "[A] temporal relationship, standing alone, does not demonstrate a causal connection between the protected activity and any adverse employment action." *Id.* at 186. "Plaintiff must show something more than merely a coincidence in time" in order to get past summary judgment. *Id.*

Plaintiff fails to meet the three-part test established by the Michigan Supreme Court. Plaintiff has submitted some evidence supporting the proposition that he and Defendant Garrett had conversations regarding Wade. (Dkt. # 26, Pg. ID 431 - 432.) Drawing reasonable inferences in Plaintiff's favor, a jury could conclude that he did, in fact, advise Defendant Garrett against firing Wade. Further, neither party disputes the fact that Plaintiff was fired. Plaintiff has not, however, presented evidence, certainly no more than a scintilla, showing that a causal connection exists between his termination and his statements regarding Wade. There are for example, no documents exemplifying a connection; there are no alleged statements admitting or indicating such a connection; there are no "other acts" from which a reasonable inference could be drawn as to a connection by means of a common *modus operandi*. What is left, and what is presented, amounts to not much more than speculation.

Defendants, on the other hand, have advanced a number of legitimate reasons for Plaintiff's discharge: (1) he poorly handled budgeting and management of a city project; (2) he engaged in questionable intimate relationships with individuals professionally associated with the Clerk's office; and (3) he planned to enroll, without informing Garrett, in an MBA program that might detract from his work at the office. (Defs.' Mot. 18-23.) Plaintiff, in response, offers only his own affidavit filed with his opposition to summary judgment which states that "Cathy Garrett's attitude towards me changed and her treatment of me changed [after the FMLA incident] and then she fired me in January 2014." (Dkt. # 26-2, Pg. ID 439.) This single, vague allegation of a "changed attitude" amounts to no more than a scintilla of evidence in support of

Plaintiffs claim. Therefore, Plaintiff has failed to identify a *genuine* issue of material fact and cannot defeat Defendant's motion.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' Motion for Summary Judgment (Dkt. # 23) is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2016
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 8, 2016, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Users\wagner\AppData\Local\Temp\notesDF63F8\14-11559.WEST.MotSJ.V2.smq.wpd